

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JAREN D. JONES,

                              Plaintiff,

v.

DR. CAM THUY QUANG TRAN, et al.,

                              Defendants.

Case No.:  3:24-cv-2032-CAB-MMP

**ORDER ON THIRD AMENDED COMPLAINT**

Plaintiff filed his original complaint on October 29, 2024. [Doc. No. 1.] Over a year passed with no activity. Only when the Court ordered Plaintiff to show cause as to why the case should not be dismissed for failure to pay the filing fee did Plaintiff pay the filing fee and purport to serve the Complaint on Defendants. [Doc. Nos. 2–10.] Defendants thereafter filed motions to dismiss. [Doc. Nos. 11, 12, 15.] Those motions were mooted, however, when Plaintiff filed an Amended Complaint with revised defendants and claims on March 18, 2026. [Doc. No. 18 ("Amended Complaint").] The Court then issued Plaintiff an Order to Show Cause regarding subject matter jurisdiction because it appeared from the Amended Complaint that Plaintiff's only stated basis for subject matter jurisdiction—diversity—was not satisfied. [Doc. No. 19.]

Instead of responding to the Order to Show Cause, Plaintiff filed a Third Amended Complaint. [Doc. No. 20.] The Third Amended Complaint alleges federal question

jurisdiction for the first time and lists a smattering of federal statutes allegedly at issue. [*Id.* at 2.] Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading once as a matter of course, which Plaintiff did in filing his Amended Complaint. Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. Proc. 15(a)(2). The Docket contains no evidence of written consent from Defendants. Nor has Plaintiff requested or received leave of the Court. Given Rule 15(a)(2)'s requirement that "[t]he court should freely give leave when justice so requires," however, the Court grants leave to file the Third Amended Complaint and construes it as an attempt to establish federal question jurisdiction in response to the Order to Show Cause.

However, a Court may *sua sponte* dismiss a Complaint for failure to state a claim under Rule 12(b)(6) after (1) giving notice of its intention to do so and (2) affording Plaintiff the opportunity to submit a written response in opposition to such motion. *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981); *see also Ventress v. Kilgore*, No. 21-55433, 2022 WL 229556, at *1 (9th Cir. Jan. 25, 2022). The Court does so here with respect to the Third Amended Complaint because it merely lists numerous federal statutes without *any* factual allegations as to how the specific named Defendants allegedly violated these statutes. Such a complaint does not (1) state claim under Rule 12(b)(6) or (2) meet the requirement of Federal Rule of Civil Procedure 8(a)(2) for "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Gibson v. City of Portland*, 165 F.4th 1265 (9th Cir. 2026).

///

///

///

///

///

///

///

///

2

Accordingly, the Court will grant leave for Plaintiff to amend his complaint one final time. **By April 10, 2026**, Plaintiff may file a Fourth Amended Complaint. It must name all defendants and provide a short and plain statement, including any alleged facts, of the claim against each named defendant. Plaintiff is advised that the Court may sua sponte review the Fourth Amended Complaint for failure to state a claim. If Plaintiff does not file a Fourth Amended Complaint by April 10, 2026, the Court will dismiss the case with prejudice.

It is **SO ORDERED**.

Dated: March 30, 2026

_____

Hon. Cathy Ann Bencivengo
United States District Judge

3:24-cv-2032-CAB-MMP