UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAREN D. JONES,<br><br>                                    Plaintiff,<br><br>v.<br><br>SEDGWICK CLAIMS MANAGEMENT SERVICES, Inc., et al.,<br><br>                                    Defendants. | Case No.:  3:24-cv-2032-CAB-MMP<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>[Doc. Nos. 28, 32, 33] |

        This case is related to Plaintiff Jaren D. Jones' ("Plaintiff" or "Jones") seizure treatment with the generic drug Zonisamide.[1]  Plaintiff alleges he experienced numerous negative mental and physical impacts while taking the drug, culminating in a car accident in 2021.  Defendants Walgreens Co. ("Walgreens") and Sedgwick Claims Management Services, Inc. ("Sedgwick")[2] have moved to dismiss the Third Amended Complaint, [Doc.

---

[1] Plaintiff alleges Zonisamide was voluntarily recalled in April 2022 for "gaps in the quality system in the Quality Control microbiology laboratory."  [Doc. No. 27 at 15.]

[2] Alexander Olenek joins this motion to dismiss; however, he was not named in the Third Amended Complaint.  The Court therefore concludes that Plaintiff waived his claims against him.  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012) ("We have long proclaimed that it is the law of this circuit that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint." (internal quotation marks and citation omitted)).

1

No. 27], for failure to state a claim and for failure to timely serve the complaint. [Doc. No. 33.] Defendant Glenmark Pharmaceuticals ("Glenmark") has separately moved to sever the non-Glenmark Defendants to provide diversity jurisdiction and dismiss the Third Amended Complaint. [Doc. No. 28.] After reviewing the briefing and having provided the Plaintiff multiple opportunities to amend his complaint, the Court concludes that it lacks subject matter jurisdiction over this case and so **DISMISSES WITH PREJUDICE** the Third Amended Complaint.

Plaintiff initially filed his Complaint in October 2024 without paying the required civil filing fee or submitting a request to proceed in forma pauperis. [Doc. No. 1.] In December 2025, the Court issued an Order to Show Cause based on the failure to do so. [Doc. No. 2.] Plaintiff subsequently paid the filing fee and served the then-named defendants; motions to dismiss followed. [Doc. Nos. 11, 12, 15.] Instead of responding, Plaintiff filed an amended complaint. [Doc. No. 18.] The Court then ordered Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction because the amended complaint alleged diversity jurisdiction but Plaintiff and at least one Defendant appeared to be citizens of California. [Doc. No. 19.] Plaintiff proceeded to file two additional amended complaints. [Doc. Nos. 20, 27.] The latest amendment, which controls, is the Third Amended Complaint.[3] [Doc. No. 27.] *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent." (internal quotation marks omitted)).

The Third Amended Complaint named new defendants,[4] omitted previously named ones, and purported to be based on federal question jurisdiction. [Third Amended Complaint at 3–6.] However, despite several opportunities to prove otherwise, the Court

---

[3] Plaintiff styled his filing as a "Fourth Amended Complaint."

[4] The current named defendants are Kaiser Foundation Health Plan Inc., Kaiser Foundation Hospitals, Glenmark Pharmaceuticals Inc., Walgreens Co., and Sedgwick Claims Management Services Inc. (together, "Defendants"). [Third Amended Complaint at 2.]

concludes that Plaintiff has not shown a basis for federal jurisdiction in this case. Federal courts are courts of limited jurisdiction, and the limits on federal jurisdiction must not be disregarded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The general federal question jurisdiction statute, 28 U.S.C. § 1331, grants federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "A case arise[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (internal quotation marks omitted).

Plaintiff's first claim is for "Medical Malpractice" against Kaiser Foundation Hospitals and Kaiser Foundation Health Plan, Inc. (collectively, "Kaiser"). [Third Amended Complaint at 5.] Plaintiff alleges that his Kaiser doctor prescribed him Zonisamide for his seizure condition but did not appropriately monitor or handle the ensuing negative side effects. [*Id.*] Medical malpractice is a state law tort that does not provide federal question jurisdiction. *James v. Sunrise Hosp.*, 86 F.3d 885, 886 (9th Cir. 1996) ("Federal jurisdiction in this federal question case could not be and was not based upon a claim of medical malpractice.").

Plaintiff's second claim is for "Pharma Product Liability" against Glenmark. [Third Amended Complaint at 6.] Plaintiff alleges that Zonisamide is a "[d]angerous untenable [d]rug containing chemicals that can KILL patients" which caused him "[u]ntenable effects" and that Glenmark must "abide by FDA LAWS[.]" [*Id.*] To the extent the Court construes this claim as alleging a violation of the Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.* ("FDCA"), there is no private right of action under the FDCA. *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 810–11 (1986) ("In this case, both parties agree with the Court of Appeals' conclusion that there is no federal cause of action for FDCA violations. For purposes of our decision, we assume that this is a correct interpretation of

3

the FDCA.")  Alternatively, to the extent this claim is intended as a failure-to-warn or other label-based claim, it is a matter of state law.[5] *Wyeth v. Levine*, 555 U.S. 555, 558 (2009).

Plaintiff's third claim is for "Product Liability-False Claims" against Walgreens Co. and Sedgwick Claims Management Services.  [Third Amended Complaint at 6.] Plaintiff alleges that "Walgreens Co. [d]ispensed unsafe harmful drug Zonisamide . . . which caused unfortunate near death car [a]ccident caused mental anguish bodily harm and suffering from very powerful medication with severe side effects."  [*Id.*]  Plaintiff further alleges that the Sedgwick employee assigned to handle his complaint to Walgreens "closed [his] claim using an immigrants social security number with my [n]ame and likeness[, c]reated [f]alse [c]laim also falsified email documents and editing online account[.]"  [*Id.*]  Even liberally construing the claim, the Court can ascertain no basis for federal question jurisdiction.

In addition to these specific claims, the Third Amended Complaint provides a laundry list of federal statutes as the basis for federal question jurisdiction.  [Third Amended Complaint at 3.]  Plaintiff does not provide any details on how these statutes apply, nor has he made any attempt to connect them to his claims.  The Court nonetheless reviewed each statute in light of the Third Amended Complaint and can again ascertain no basis for federal question jurisdiction.  *E.g.* 18 U.S.C. § 245 (prohibiting activities that "injure[], intimidate[] or interfere[] with, or attempt[] to injure, intimidate or interfere with" certain federal activities such as voting, applying for employment, or attending school or court); 18 U.S.C. § 1032 (prohibiting the concealment of assets or property from a conservator, receiver, or liquidating agent); 15 U.S.C. § 45d prohibits unfair or deceptive acts with respect to a substance use disorder treatment service or substance use disorder treatment product).

---

[5] Because Zonisamide is a generic drug, a state law labeling claim would also likely be preempted by the FDCA.  *Mut. Pharm. Co. v. Bartlett*, 570 U.S. 472, 476 (2013) ("[S]tate-law design-defect claims that turn on the adequacy of a drug's warnings are pre-empted by federal law under *PLIVA[, Inc. v. Mensing*, 564 U.S. 604 (2011)].").

The Court thus concludes that federal question jurisdiction does not exist in this case. Glenmark argues, however, that in this case, the claims against Glenmark should be severed from those against the non-Glenmark Defendants so that the Court would have diversity jurisdiction. [Doc. No. 28 at 2.] The Court is not obligated to, and will not, sever the non-Glenmark Defendants from the case to perfect diversity jurisdiction. The Court's use of Rule 21 in this manner is discretionary. *Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1142 (9th Cir. 2003). In exercising this discretion, "the paramount considerations are the interests of justice." *Anrig v. Ringsby United*, 603 F.2d 1319, 1325 (9th Cir. 1978). Moreover, Plaintiff's allegations "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and involve questions of law or fact common to all defendants, thus meeting the requirements of permissive joinder of defendants under Fed. R. Civ. P. 20(a)(2). And even accepting without argument that the non-Glenmark Defendants are dispensable, the factors are outweighed considerably by the larger interest in justice, specifically judicial efficiency, because there would be two cases progressing simultaneously in two different forums, both concerning substantially the same controversy. If Plaintiff chooses to re-file his claim in state court and names Glenmark, Glenmark may move to sever the claim there and remove it to federal court, if warranted.

Finally, given the multiple opportunities Plaintiff has had to amend his complaints and to oppose dismissal, including two amendments after the Court ordered him to show cause regarding jurisdiction, the Court concludes that any further leave to amend would be futile. The Third Amended Complaint is therefore **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: July 17, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

3:24-cv-2032-CAB-MMP